**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FORD OLINGER

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
THE NAVY, GREAT LAKES NAVAL
AIR STATION, and MEGAN
STADLMAN,

Defendants.

Case No. 1:25-cv-05062

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Ford Olinger ("Olinger") brings this action against the United States Department of the Navy ("Navy"), Great Lakes Naval Air Station, and Megan Stadlman ("Stadlman") (collectively, "Defendants") alleging that he is owed backpay for overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"). Defendants have requested that this Court confirm its jurisdiction over Olinger's FLSA claims. [11].

For the reasons stated herein, the Court has determined that it does not have jurisdiction over Olinger's FLSA claims against the Navy and Great Lakes Naval Air Station.[1]

### I.    Background

---

[1]Though the parties' briefs also contain references and arguments on Olinger's state law claims, the scope of Defendants' request is limited to just the FLSA claims. The Court, therefore, only addresses the FLSA claims herein.

1

Olinger filed this action on May 7, 2025. [1]. In his Complaint, Olinger alleges that Defendants violated the FLSA (Count I) and IMWL (Count II) by failing to pay him for hours worked and overtime premiums and unlawfully retaliated against him in violation of the FLSA (Count III) and IMWL (Count IV). *Id*. ¶¶ 29–55.

On September 16, 2025, Defendants filed a request for determination of jurisdiction with respect to Olinger's FLSA claims against the Navy and Great Lakes Naval Air Station. [11]. It is Defendants' position that this Court has jurisdiction over those claims. *Id*.

On December 22, 2025, Olinger responded to Defendants' request for determination of jurisdiction. [17]. Olinger concurred with Defendants' position that this Court has jurisdiction over those FLSA claims. *Id*.

## II.    Legal Standard

Courts have an independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh* v. *Y & H Corp.*, 546 U.S. 500, 514 (2006). If a court determines that it lacks subject-matter jurisdiction, the court must dismiss the action, Fed. R. Civ. P. 12(h)(3), or transfer the action to a court that has subject-matter jurisdiction over the matter. 28 U.S.C. §1631. A transfer to another court shall be done in "the interest of justice." 28 U.S.C. §1631.

## III.    Analysis

### A. The Court Does Not Have Jurisdiction Over the FLSA Claims Against the Navy and Great Lakes Naval Air Station

Olinger's FLSA claims against the Navy and Great Lakes Naval Air Station are effectively claims against the Federal Government. Absent consent, however, "federal

sovereign immunity bars suits against the United States, including suits against federal agencies or federal officials in their official capacities." *Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1049 (7th Cir. 2025); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Therefore, to proceed with these claims, Olinger must identify a waiver of sovereign immunity by the Federal Government.

The Tucker Act, 28 U.S.C. §1491(a)(1), provides such a waiver.[2] Specifically, the Tucker Act gives the United States Court of Federal Claims jurisdiction over non-tort claims "against the United States" founded upon "any Act of Congress." *Id*. So, if Olinger wishes to rely on the Tucker Act as a source of the Federal Government's consent to suit, he can do so. But he would then need to bring his FLSA claim against the Federal Government in the Court of Federal Claims, as that is the only forum where the Tucker Act's waiver of sovereign immunity applies. *Id*; *see also Abbey v. United States*, 745 F.3d 1363, 1370 (Fed. Cir. 2014) (explaining that "waivers of sovereign immunity are generally tied to particular courts").

Citing *United States* v. *Bormes*, 568 U.S. 6 (2012), Defendants nevertheless argue that "the Tucker Act is unavailable as a source of jurisdiction for FLSA suits" and instead that Section 216(b) of the FLSA, which is not limited to the Court of Federal

---

[2] 28 U.S.C. §1491 is sometimes referred to as the "Big Tucker" Act. Its companion statute—the "Little Tucker" Act—grants concurrent jurisdiction to district courts and the Court of Federal Claims for claims not exceeding $10,000. 28 U.S.C. § 1346(a). As Olinger's action seeks damages in excess of $10,000, [1] ¶ 28, only the "Big Tucker" applies.

Claims, can act as a requisite waiver of sovereign immunity for FLSA claims against the Federal Government. [11] at 3–5; 29 U.S.C. § 216(b) (allowing FLSA actions "in any Federal or State court of competent jurisdiction"). Olinger agrees. [17] at 2–3. The Court, though, is not convinced. In *Bormes*, the Supreme Court confirmed that Tucker Act jurisdiction can be "displaced" "when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." 568 U.S. at 12. The Supreme Court found the Fair Credit Reporting Act ("FCRA") to be such a law, because, among other things, it gives jurisdiction to identified courts, including "any appropriate United States district court," 15 U.S.C. § 1681p, and thus "precisely define[s] the appropriate forum." *Bormes*, 568 U.S. at 15 (citation omitted). Thus, the FCRA itself "enables claimants to pursue in court the monetary relief contemplated by the statute" without any resort to the Tucker Act. *Id.*

*Bormes*, however, only dealt with the FCRA and made no comment on whether its logic extends to the FLSA. The authority provided by Defendants on this question suggests that it wouldn't. In *Abbey*, for instance, the United States Court of Appeals for the Federal Circuit held that *Bormes* "do[es] not extend to [] FLSA [suits]" 745 F.3d at 1370. As the Federal Circuit explained:

> In sharp contrast to the statute at issue in *Bormes,* the FLSA contains no congressional specification of a non-Tucker Act forum for damages suits, or any other basis, from which one can infer that application of the Tucker Act would override choices about suing the government embodied in the remedial scheme of the statute providing the basis for liability. That statute-specific conclusion takes this FLSA case outside the reach of the *Bormes* principle.

4

*Id*. Continuing further, the Federal Circuit noted that "With section 216(b) [of the FLSA] so plainly having authorized damages suits against the United States, it is natural to read the provision as implicitly specifying a forum (the Tucker Act forum) in order to complete the waiver of sovereign immunity." *Id*.

The Federal Circuit later expanded on *Abbey* in *Metzinger v. Dep't of Veterans Affs.* 20 F.4th 778 (Fed. Cir. 2021). Walking through its history of decisions addressing Tucker Act jurisdiction, the Federal Circuit reaffirmed that "*Bormes* did not upset our precedent applying the Tucker Act to FLSA money-damages claims against the government" and that "district courts lack subject-matter jurisdiction over FLSA or EPA claims against the government for over $10,000" because the Court of Federal Claims' jurisdiction over such claims is "exclusive" *Id*. at 783–785.

The Court finds the reasoning in *Abbey* and *Metzinger* sound and, absent any binding authority from the Seventh Circuit, applies their logic here: the Tucker Act gives the Court of Federal Claims exclusive jurisdiction to hear FLSA damages claims against the Federal Government.

### B. 28 U.S.C. § 1500 Prevents this Court from Transferring the FLSA Claims Against the Navy and Great Lakes Naval Air Station

Having concluded that it lacks subject-matter jurisdiction over Olinger's FLSA claims against the Navy and Great Lakes Naval Air Station, the Court must determine whether to dismiss those claims or transfer them, via 28 U.S.C. §1631, to the Court of Federal Claims. The Court finds the latter option to be futile. Under 28 U.S.C. § 1500, the Court of Federal Claims "has no jurisdiction over a claim if the

5

plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011). Two suits are "for or in respect to" the same claim if the suits are based on substantially the same operative facts. *Id*. Olinger still has pending an IMWL claim against Defendants and a FLSA individual capacity claim against Stadlman. Those claims arise from the same operative facts as the FLSA claims against the Navy and Great Lakes Naval Air Station. [1] ¶¶ 9–28. Accordingly, this Court cannot transfer the FLSA claims against the Navy and Great Lakes Naval Air Station to the Court of Federal Claims because that court does not have jurisdiction to hear such claims under 28 U.S.C. § 1500. Dismissal without prejudice for lack of subject-matter jurisdiction is the only option.

## IV.    Conclusion

For the stated reasons, the Court concludes that it lacks jurisdiction over Olinger's FLSA claims against the Navy and Great Lakes Naval Air Station and that 28 U.S.C. § 1500 prevents transfer those claims to the Court of Federal Claims. The Court, therefore, dismisses those claims without prejudice.

E N T E R:

Dated: April 8, 2026

_____
MARY M. ROWLAND
United States District Judge

6